IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORGAN BUILDINGS & SPAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0149-D |
| VS. | § | |
| | § | |
| ADVANTAGE MANUFACTURING, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Morgan Buildings & Spas, Inc. ("Morgan") objects to removal and moves to remand the case to state court and for sanctions. Two of the defendants—Advantage Manufacturing, Inc. ("Advantage") and Advantage Pools & Ponds, Inc. ("Advantage Pools")—oppose the motions. The court grants the motion to remand and denies the motion for sanctions.[1]

Morgan sued Advantage in Texas state court on October 25, 2004. On December 14, 2005 it filed a second amended original petition in which it added as defendants Michael Collins, individually and d/b/a Electric Motors, d/b/a Advantage Electric Motors, and d/b/a Advantage Manufacturing, and Advantage Pools. Defendants removed the case to this court on January 20, 2006 based on diversity of citizenship. Morgan objects to removal and moves to remand, contending, *inter alia*, that removal was untimely because it occurred more than one year after suit

_____

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

was filed in state court.

28 U.S.C. § 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

*Id.* (emphasis added).  Section 1446(b)'s one-year time limit is subject to equitable tolling "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003).

Defendants maintain that Morgan engaged in egregious conduct that warrants equitable tolling because it concealed the amount in controversy until after the one-year period for removal had expired.  They argue that Morgan only informed them that the amount of damages exceeded the threshold for removal in a letter dated January 17, 2006, after the one-year period had elapsed.[2]  Having considered the record, the court holds that defendants have failed to demonstrate that Morgan engaged in inequitable conduct by concealing the amount in controversy.  First, the court rejects the premise that the mere failure to plead the amount of damages in the original and amended

---

[2]Defendants emphasize that Morgan removed the case only approximately five days after the one-year period expired.  The court disagrees that January 17, 2006 was five days after the case was commenced in state court.  This court determines when a suit was filed for purposes of § 1446(b) by looking to state law.  *See, e.g., Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005) (addressing § 1446(b) by analogy to decide applicability of Class Action Fairness Act of 2005). "And under Texas law, an action has commenced when a petition is filed." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (citing See Tex. R. Civ. P. 22).  Accordingly, the case was removed almost 15 months after it was commenced in Texas state court.

petition is evidence of active concealment.  *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) ("The plaintiffs did not specify the amount of damages in their complaint because Texas Rule of Civil Procedure 47(b) forbids such specificity.").  Second, defendants have offered no persuasive evidence that Morgan concealed the amount of damages it sought.  They have essentially advanced the argument that they were unaware of the damages until Morgan specified them in a letter.  Third, Morgan has pointed out that it specified its damages once defendants' California attorney requested a written settlement demand.

The court denies Morgan's motion for sanctions.  "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ___ U.S. ___, 126 S.Ct. 704, 711 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  Because the removal in this case was not objectively unreasonable, the court denies the motion.

\*   \*   \*

The court concludes that removal of this case was untimely under 28 U.S.C. § 1446(b).  It grants Morgan's February 17, 2006 motion to remand and remands this case to the 160th Judicial District Court of Dallas County, Texas.  The court denies Morgan's motion for sanctions.

The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

May 1, 2006.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE